The opinion of the Court was delivered by
Wardraw, Ch.
It is not disputed by the defendant that this case is within the jurisdiction of the Court, if the special objections made in the grounds of appeal do not prevail; and we confine our consideration to these objections.
It is said, in the first place, that the case disdoses a breach of trus.t on the part of plaintiif. The appeal is from the refusal of the Chancellor to dismiss the bill for want of jurisdiction in the Court, and upon such motion, perhaps in strict procedure, the statements of the bill must be taken as admitted, but it is unnecessary to discuss this point, as the only evidence before us, two letters of plaintiif to defendant, does not vary the contract between the parties as stated in the bill. That contract was, that plaintiif, for some compensation, should have the custody and management of certain horses belonging to defendant, for the purpose of fitting them for racing, and perhaps for sale. This constituted the relation of principal and agent, and not strictly that of trustee and beneficiary. In a loose sense, and for some purposes, every bailment is a trust, but an ordinary bailment creates no such fiduciary relation between the parties as to fix the bailee in possession with the responsibilities of a trustee. If every agent in possession of his principal’s property were treated as a trustee, 'then trusts which were the source of Equity jurisdiction would swell into a boundless sea. 1 Sto. Eq. 464. Then what is the breach of this supposed trust ? Simply that the agent has *25 sued his principal. I suppose that a technical trustee entitled to call his beneficiaries to account, might avail himself of their estate in his possession, where they were beyond the jurisdiction, to found an application to the tribunals of his domicil.
It is said, secondly, that to allow the plaintiff to proceed in this jurisdiction, instead of Virginia, enables him' to take advantage of his own wrong. We are not informed where the contract between the parties was made, and we know nothing on the point except that the plaintiff resides in South Carolina, and the defendant in Virginia. The wrong imputed to the plaintiff is that he has selected a tribunal of his own State, instead of indulging the defendant with the more acceptable and less expensive course of a suit at home. Surely a plaintiff has the option on this point, and is not required at his own expense and inconvenience to pursue a defendant in a foreign court. It is urged, however, that plaintiff had the custody of defendants property here under an engagement to take it to Virginia, and for proof, his letter of March 1, 1856, is relied upon, in which he says: “your letter in regard to sending Dick and Henry home, I did not receive, or I should have done as you requested.” This is no proof of any previous promise of plaintiff to carry any of the property to Virginia, and if it were so construed, does not apply to all the property in plaintiffs possession; but, suppose the plaintiff had agreed to take all the property to Virginia, it by no means follows that he could not resort to this property for satisfaction of a debt due to him. A creditor in possession, by universal law, has some precedence over other creditors, and it is no fraud in him to avail himself of this advantage. In criminal cases, it is indifferent by what means an offender who has violated our law be brought within the jurisdiction, even if it be by lawless.violence in the territory of another State, and he is responsible for his crime, and not entitled to discharge or exemption from punishment. State vs. Smith, 1 Bail. 283 The rule is different in civil cases, and if one should be *26 brought within our territory by force or fraud, for the purpose of arresting him, jurisdiction would not be acquired by this unlawful act; and perhaps the result would be the same if his property should be brought within our territory by force or fraud for the purpose of grounding suits here against him. But there is no reason for extending the doctrine further. In the present case, so far from the property of defendant having been introduced by any force or fraud of the plaintiff, it appears that the defendant himself brought the property hither, and left it in plaintiffs possession after the February races. If plaintiff has committed any wrong, or done any thing Which may be denominated fraud, it consists in not taking back to Virginia property brought into South Carolina with consent of the owner. But, at the utmost, that is asimple breach of contract, and not fraud in any legal sense, and not within any rule or doctrine which would oust the Court of jurisdiction.
Thirdly, it is said that the Court qwes it to its own dignity, as well as -to the comity of States, to refuse jurisdiction when the claim of jurisdiction is founded on the fraud of the claimant. The doctrine of this ground may be sound, but it has no application to the case. So far as we perceive, the whole fraud of the plaintiff is in preferring the judicial remedies of the State of his residence. Doubtless, it would have been more convenient to defendant to have this litigation at home, but the convenience of the plaintiff is to be preferably consulted. In hard times it may be inconvenient to debtors to pay their creditors any where; but we cannot acknowledge, with proper self-respect, that the rights of litigants can be more safely determined elsewhere than in South Carolina.
It is ordered and decreed that the appeal be dismissed.
' Dunkin and Dargan, CC., concurred.

•Appeal dismissed.